**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 20 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SYED RAZA HUSSAIN RIZVI,

Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General,

Respondent.

No. 04-71176

Agency No. A077-384-663

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 5, 2010
San Francisco, California

Before: KLEINFELD and GRABER, Circuit Judges, and MOLLOY,** District
Judge.

Two of us read as an adverse-credibility determination the Board of

Immigration Appeals's (BIA) statement that Rizvi was "not believable."  de-Leon-

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\** The Honorable Donald W. Molloy, United States District Judge for
the District of Montana, sitting by designation.

Barrios v. I.N.S., 116 F.3d 391, 394 (9th Cir. 1997). Our case law at the time provides the context for why the BIA simultaneously mentioned an applicant's burden of proof and his need to provide corroborative evidence. See Kataria v. INS, 232 F.3d 1107, 1113 (9th Cir. 2000) ("[T]he BIA may not require independent corroborative evidence from an asylum applicant who testifies credibly in support of his application."), superseded by statute, REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231.

There was substantial evidence to support this adverse credibility finding because of the many discrepancies throughout Rizvi's six hearings, as well as his own admission of having made incorrect statements before the IJ. Rizvi, therefore, failed to show past persecution or to satisfy the subjective component of the well-founded fear standard, Blanco-Comarribas v. INS, 830 F.2d 1039, 1042–43 (9th Cir. 1987), and is thus ineligible for asylum. See Estrada-Posadas v. INS, 924 F.2d 916, 918 (9th Cir. 1991), overruled on other grounds by Thomas v. Gonzales, 409 F.3d 1177, 1180 (9th Cir. 2005) (en banc).

Even if we were to hold that the BIA did not make an explicit adverse credibility finding and we interpreted its decision as going instead to the burden of

proof, we are all agreed that there is substantial evidence to support the determination that Rizvi failed to bear his burden of proof. Rizvi's allegations throughout his hearings were inconsistent, lacking in detail, and he admitted making incorrect statements. See 8 C.F.R. § 208.13(a) ("[T]he burden of proof is on the applicant . . . ."). Because Rizvi failed to satisfy the standard for asylum, he necessarily has failed to satisfy the more rigorous standard for withholding of removal. See de Leon-Barrios, 116 F.3d at 394.

Although "scant reference[s] to an argument . . . put the BIA on notice and constitute[] exhaustion," Kin v. Holder, 595 F.3d 1050, 1055 (9th Cir. 2010), and thus suffice to give us jurisdiction over Rizvi's Convention Against Torture claim, this likewise fails on account of Rizvi's failure to bear his burden of proof and lack of believability. See Almaghzar v. Gonzales, 457 F.3d 915, 922–23 (9th Cir. 2006).

The petition for review is therefore **DENIED**.